IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 01-30178
Conference Calendar

—————————————

RICKY SCOTT,

                                        Plaintiff-Appellant,

versus

WACKENHUT CORP.; BETTY DUPLICHAN;
SIMON, Dr.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-1678
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ricky Scott, Louisiana prisoner # 130612, appeals the
dismissal of his 42 U.S.C. § 1983 civil rights complaint as
frivolous pursuant to 28 U.S.C. §§ 1915A(b)(1).  Scott argues
that prison medical personnel were deliberately indifferent to
his serious medical needs in violation of the Eighth Amendment
because they did not refer him to Earl K. Long Hospital for
evaluation of his medical condition and did not conduct frequent
blood testing.  He argues that the district court should have

—————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

advised him on pursuing any state-court claims he may have.  He does not argue that the district court erred in dismissing his claims against defendant Wackenhut Corporation, and therefore he has abandoned that issue.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Scott has not alleged harm sufficient to evidence deliberate indifference to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Scott's allegations amount to a disagreement with prison officials regarding his medical treatment; such allegations are not cognizable under 42 U.S.C. § 1983.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Scott's contention that the district court should have advised him concerning state-law claims is unsupported in the law and without merit.

Because Scott's appeal is without arguable merit and is frivolous, it is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

The dismissal of this appeal and the district court's dismissal of this lawsuit as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Scott is warned that if he accumulates three strikes he will be barred from proceeding in forma pauperis in any civil action or appeal brought in a United States court unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; § 1915(g) SANCTIONS WARNING ISSUED.